ARNOLD & PORTER LLP
GILBERT R. SEROTA (No. 75305)
gilbert.serota@aporter.com
GABRIEL N. WHITE (No. 258257)
gabriel.white@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:    +1 415.471.3100
Facsimile:    +1 415.471.3400

Attorneys for Defendants
JOHN G. STUMPF, PHILIP J. QUIGLEY, JOHN S. CHEN, LLOYD H. DEAN, SUSAN E. ENGEL, ENRIQUE HERNANDEZ, JR., RICHARD D. McCORMICK, CYNTHIA H. MILLIGAN, NICHOLAS G. MOORE, DONALD B. RICE, JUDITH M. RUNSTAD, STEPHEN W. SANGER, and SUSAN G. SWENSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| J.N. FEUER, Derivatively on Behalf of WELLS FARGO & COMPANY and its Shareholders and "Double Derivatively" on Behalf of WACHOVIA CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>G. KENNEDY THOMPSON; THOMAS J. WURTZ; HERBERT SANDLER; MARION SANDLER; JOHN T. CASTEEN, III; JOSEPH NEUBAUER; MARYELLEN C. HERRINGER; TIMOTHY D. PROCTOR; VAN L. RICHEY; DONA DAVIS YOUNG; ERNEST S. RADY; JERRY GITT; JOHN D. BAKER, II; PETER C. BROWNING; DONALD M. JAMES; JOHN C. WHITTAKER, JR.; WILLIAM H. GOODWIN, JR.; ROBERT A. INGRAM; MACKEY J. MCDONALD; RUTH G. SHAW; LANTY L. SMITH; JOHN S. CHEN; LLOYD H. DEAN; SUSAN E. | No. 10-CV-00279 YGR<br><br>Action Filed: January 20, 2010<br><br>**(PROPOSED) ORDER AND FINAL JUDGMENT**<br><br>Judge:  Hon. Yvonne Gonzalez Rogers |

| | |
|---|---|
| ENGEL; ENRIQUE HERNANDEZ, JR.; RICHARD D. MCCORMICK; CYNTHIA H. MULLIGAN; NICHOLAS G. MOORE; PHILIP J. QUIGLEY; DONALD B. RICE; JUDITH M. RUNSTAD; STEPHEN W. SANGER; ROBERT K. STEEL; JOHN G. STUMPF; and SUSAN G. SWENSEN, | |
| Defendants, | |
| and | |
| WELLS FARGO & COMPANY, | |
| Nominal Defendant. | |
| W. M. ROGERS, Derivatively on Behalf of WELLS FARGO & COMPANY and its Shareholders, | No.: 12-CV-00203 YGR |
| Plaintiff, | |
| vs. | |
| G. KENNEDY THOMPSON; THOMAS J. WURTZ; JOHN T. CASTEEN, III; JOSEPH NEUBAUER; MARYELLEN C. HERRINGER; TIMOTHY D. PROCTOR; VAN L. RICHEY; DONA DAVIS YOUNG; ERNEST S. RADY; JERRY GITT; JOHN D. BAKER II; PETER C. BROWNING; DONALD M. JAMES; JOHN C. WHITTAKER, JR.; WILLIAM H. GOODWIN, JR.; ROBERT A. INGRAM; MACKEY J. McDONALD; RUTH G. SHAW; LANTY L. SMITH; JOHN S. CHEN; LLOYD H. DEAN; SUSAN E. ENGEL; ENRIQUE HERNANDEZ, JR.; RICHARD D. McCORMICK; CYNTHIA H. MILLIGAN; NICHOLAS G. MOORE; PHILIP J. QUIGLEY; DONALD B. RICE; JUDITH M. RUNSTAD; STEPHEN W. SANGER, ROBERT K. STEEL; JOHN G. STUMPF; SUSAN G. SWENSON; | |
| ROBERT L. JOSS; RICHARD M. KOVACEVICH; MICHAEL W. WRIGHT; ELAINE L. CHAO, FREDERICO F. PENA, | |
| Defendants. | |
| and | |

WELLS FARGO & COMPANY,

   Nominal Defendant.

  The motion to approve the proposed settlement of the above-captioned Derivative Actions (the "Settlement"), came before this Court for hearing, as noticed, on March 5, 2013, pursuant to this Court's Preliminary Approval Order, dated December 13, 2012 (Dkt. No. 129 in Case No.: 10-CV-279; Dkt. No. 27 in Case No.: 12-CV-203) (the "Preliminary Approval Order");

  The Court having heard and considered the matter, including all papers filed in connection therewith, and the attorneys for the Parties having been heard in support of the Settlement, and an opportunity to be heard having been given to all other persons desiring to be heard, as provided in the Notice to Shareholders, and good cause appearing therefor;

  THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

### Approval of the Stipulation of Settlement

  1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Settlement (Dkt No. 128-2 in Case No.: 10-CV-279; Dkt. No. 16-2 in Case No.: 12-CV-203), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

  2. This Court has jurisdiction over the subject matter of the Derivative Actions and over all Parties to the Stipulation for the purpose of approving the Settlement of the Derivative Actions.

  3. Based on evidence submitted, the Court finds that notice was published and disseminated in accordance with this Court's Preliminary Approval Order. This Court further finds that the forms and contents of the Notice to Shareholders, as previously preliminary approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process of the United States Constitution,

and constituted due and sufficient notice of the matters set forth therein.

4. A full and fair opportunity has been offered to Current Wells Fargo Shareholders to object to the Settlement and to participate in the hearing thereon, and, as such, all Current Wells Fargo Shareholders are bound by this Order and Final Judgment.

5. The Settlement is found to be fair, reasonable and adequate.

6. The Court finds, for settlement purposes, that the Derivative Actions were properly brought as derivative actions pursuant to Federal Rule of Civil Procedure 23.1.

7. The Motions for Final Approval of Proposed Settlement (Dkt. No. 129 in Case No.: 10-CV-279; Dkt. No. 27 in Case No.: 12-CV-203) are **GRANTED**. The Stipulation of the Settlement and the terms set forth therein, including the Releases of Released Claims, are, in all respects, hereby finally **APPROVED**. The parties to the Stipulation are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation, including the payment of attorney's fees and expenses to Plaintiff's Counsel in the Derivative Actions in the amount to be determined by separate Order on Plaintiffs' Motion for Award of Fees and Expenses.

## Dismissal With Prejudice and Release of Claims

8. <u>Definitions</u>. As used below, the following definitions apply:

a. "Released Claims" means any and all claims, demands, rights, remedies, causes of action or liabilities, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation, or principle of equity, including all Settled Claims, whether known or unknown, including without limitation Unknown Claims (defined in ¶ 1.25 of the Stipulation), whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were or that could have been asserted against the Settling Defendants or the Released Parties in any of the Settled Claims, or by any Wells Fargo and/or Wachovia Shareholder claiming in the

right of, or on behalf of Wells Fargo and/or Wachovia, arising out of, relating to or based upon, directly or indirectly, in any way, any of the facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions, failures to act, or matters set forth, referred to, or alleged in any of the Settled Claims; specifically including, but not limited to, all claims for the benefit of Wells Fargo that arise out of the merger of Wells Fargo and Wachovia, Wachovia's acquisition and operation of Golden West, risk management by Wachovia's officers and directors, telemarketing practices at Wachovia, alleged municipal bid-rigging, money laundering, mutual fund disclosures, issuance of auction rates securities, and settlement of the *Arace* Action. By operation of the Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 (see ¶ 1.25 of the Stipulation).

b. "Released Parties" means all Settling Defendants, all other current or former directors and officers of Wells Fargo and Wachovia, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries, heirs and assigns.

c. "Settling Defendants" means, collectively, the Individual Defendants and Nominal Defendant Wells Fargo.

9. The Derivative Actions and all claims contained therein are hereby dismissed with prejudice in their entirety, on the merits. Each party shall bear its own fees and costs, except as set forth in the Court's Order as to the Motion for Award of Fees and Expenses.

10. Upon the date of this Order and Final Judgment, Plaintiffs, Wells Fargo, and all

Current Wells Fargo Shareholders, derivatively and on behalf of themselves, and their respective current, future and former heirs, executors, administrators, personal representatives, attorneys, agents, partners, successors and assigns, and any other person or entity claiming (now or in the future) to have acted through or on behalf of them, shall hereby be deemed to have, and by operation of this Order and Final Judgment shall: (i) have fully, finally, and forever released, relinquished, settled and discharged each of the Settling Defendants and the Released Parties from all the Settled Claims and Released Claims; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting any of the Settled Claims and Released Claims against any of the Settled Defendants or Released Parties.

11. Except as set forth in paragraph 12 below, upon the Effective Date of the Stipulation (as defined therein), each of the Settling Defendants, on behalf of himself, herself, and/or itself and each and all members of his, her and/or its families, parent entities, affiliates, or subsidiaries, and each and all of his, her and/or its respective past, present, or future officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, trust beneficiaries and assigns shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Releasing Parties and Plaintiffs' Counsel from all claims or demands relating to, arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of the Settled Claims or the Released Claims.

12. Nothing contained herein is intended to or shall be construed to limit, restrict or otherwise affect any obligation of Wells Fargo or any of its insurers to defend and indemnify former officers and directors of Wachovia, or impair any rights of any of the former directors and officers of Wachovia under any contract of insurance, under the terms of the merger agreement between Wells Fargo and Wachovia, or under any articles of

incorporation or bylaws of Wells Fargo or Wachovia.

13. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction over Plaintiffs, the Settling Defendants, and Wells Fargo with respect to all matters related to the Derivative Actions and over all proceedings related to the implementation and enforcement of the terms of the Stipulation, and to rule on Plaintiffs' Motion for Award of Fees and Expenses.

14. Neither the Settlement, nor this Order and Final Judgment, nor the Stipulation, nor its exhibits, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection therewith shall be:

>   a. offered or received against any of the Settling Defendants or the Released Parties as evidence of, or construed as, or deemed to be, evidence of any presumption, concession, or admission by any of the Settling Defendants or Released Parties of the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Derivative Actions or in any other proceeding, or the deficiency of any defense that could have been asserted in the Derivative Actions or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing any of the Settling Defendants or the Released Parties;
>
>   b. in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in the Derivative Actions, any other action, or any judicial, administrative, regulatory or other proceeding, except a proceeding to enforce the Stipulation, and except that the Settling Defendants or any of the Released Parties may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

  c. construed against any of the Settling Defendants, the Released Parties or Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

  d. construed as or received in evidence as an admission, concession or presumption against Plaintiffs or their counsel or any of them that any of the claims asserted in the Derivative Actions are without merit or that any infirmity exists as to those claims.

  e. Nothing herein shall be construed to limit the parties from referring to and/or relying upon the Stipulation, its exhibits, any documents filed with the Court relating to the Settlement, or this Order and Final Judgment in connection with any appeal of any Order of this Court in the Derivative Actions and/or before this Court or before the Court of Appeals in connection with Plaintiffs' Motion for Award of Fees and Expenses.

15. The Settlement shall be a final and complete resolution of all disputes among the Parties.

16. Entry of the Order and Final Judgment fully and finally settles and disposes of and discharges all of the Released Claims. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Final Judgment, and any related orders, shall be rendered null and void, of no further force or effect, and shall be vacated *nunc pro tunc*. The parties shall then each be deemed to have reverted to their respective status in the Derivative Actions as of the date of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and this Order and Final Judgment, and any related orders, had not been entered, preserving in that event all of the parties' claims and defenses in the Derivative Actions.

17. Without further order of the Court, the Parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The provisions of this Order and Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The Clerk is hereby directed to enter judgment in accordance with this Order and Final Judgment as a final judgment with respect to all matters ordered, judged and decreed.

This Order Terminates Dkt. No. 129 in Case No.: 10-CV-279 and Dkt. No. 27 in Case No.: 12-CV-203.

IT IS SO ORDERED

DATED: March 29, 2013

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE